**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MOHAMMED POQUEE,

                    Petitioner,

     v.                                           No. 06-CV-45
                                                   (LEK/DRH)

R. ERCOLE, Superintendent,

                    Respondent.
_____

**APPEARANCES:**                             **OF COUNSEL:**

MOHAMMED POQUEE
Petitioner Pro Se
No. 01-A-0202
Green Haven Correctional Facility
Post Office Box 4000
Stormville, NY 12582-0010

HON. ANDREW M. CUOMO               ALYSON J. GILL, ESQ.
Attorney General for the                  MICHELLE ELAINE MAEROV, ESQ.
   State of New York                        Assistant Attorneys General
120 Broadway
New York, NY 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

      Petitioner pro se Mohammed Poquee ("Poquee") is currently an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Green Haven Correctional Facility. Poquee was found guilty on November 20, 2000 after a jury

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

trial in Albany County Court of sodomy, rape, and assault. Poquee was sentenced to a total determinate term of thirty-two years imprisonment. Poquee now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) he was denied the effective assistance of counsel based on his attorney's failure to request a competency hearing and (2) the trial court erred by allowing testimonial evidence of Poquee's uncharged crimes. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On April 28, 2000, the victim, the mother of Poquee's child, arrived home to her apartment after work and found Poquee there despite an order of protection against him. T. 301.[2] They began to argue and, for the next several days, Poquee physically abused, raped, and sodomized the victim in her apartment. T. 301-31. Finally, on May 1, 2000, the victim escaped from her apartment and contacted the police. T. 316-17. She was taken to the hospital and treated. T. 317. Poquee was later arrested and an indictment was filed on May 16, 2000.

Poquee was tried, convicted, and sentenced as indicated above. Following his conviction, Poquee moved pursuant to N.Y. Crim. Proc. Law § 440.10 for an order vacating his convictions on the basis that he was not competent to stand trial and that his attorney was ineffective for failing to request a competency hearing. The trial court denied this motion. People v. Poquee, No. 13-6339, slip. op. (Albany County Sup. Ct. Dec. 12, 2002). The Appellate Division unanimously affirmed the conviction and sentence. People v.

---

[2] "T." followed by a number refers to the pages of the trial transcript included with respondent's answer. Docket No. 11.

2

Poquee, 9 A.D.3d 781 (3d Dep't 2004).  Application for leave to appeal to the New York Court of Appeals was denied on October 27, 2004.  People v. Poquee, 3 N.Y.3d 741 (2004).  This action followed.

## II.  Discussion

### A.  Ineffective Assistance of Counsel

Poquee contends that he was deprived the effective assistance of trial counsel because his attorney did not request a competency hearing.

A defendant arguing ineffective assistance of counsel must show that counsel was not functioning as counsel guaranteed by the Sixth Amendment.  Counsel's performance must have been deficient and that deficient performance must have prejudiced the defense.  Once this is shown, it cannot be said that the result of the proceeding is reliable.  United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  A defendant must demonstrate that counsel's errors were so serious that the defendant was deprived of a fair trial and that there was a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.  Strickland, 466 U.S. at 686.

The proper measure of attorney performance is an objective standard of reasonableness in the totality of the circumstances under prevailing professional norms.  Id. at 688; Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000).  Strategic choices made after investigation of the relevant law and facts are normally not subject to challenge and the reviewing court must be "highly deferential" to counsel's performance.  Strickland, 466

3

U.S. at 688. Additionally, state court findings on such matters are conclusive on the court reviewing the habeas petition if supported in the record. 28 U.S.C. § 2254(d); Summer v. Mata, 455 U.S. 591, 592 (1982).

Here, while in custody following his arrest, Poquee was seen by a doctor at the Albany County Mental Health Clinic and was prescribed psychiatric medication. Docket No. 11, Ex. A. Poquee alleges that he told his counsel just before his trial began in November 2000 that the medication he was taking made him "incapable of understanding the proceeding." Id. Pursuant to the standard discussed above, Poquee must first show that his counsel's failure to request a competency hearing on this evidence constituted a deficient performance based on an objective standard of reasonableness. DeJesus, 219 F.3d at 121; Strickland, 466 U.S. at 688. Poquee competently took the stand in his own defense and showed no signs that he was incapable of rationally or factually understanding the proceedings. *See* Godinez v. Moran, 509 U.S. 389, 396 (1993). His counsel's failure to move for a competency hearing was thus supported by the record and Poquee cannot show that his counsel's performance was deficient in this regard.

Accordingly, Poquee's claim of ineffective assistance of counsel must be denied.

### B. Prior Bad Acts

As a threshold matter, a federal court may not grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state court remedies, the applicant must give the highest state court "fair warning of the federal nature" of his claim.

Gonzalez v. Sullivan, 934 F.2d 419, 420 (2d Cir. 1991); see also Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001); Daye v. Attorney Gen., 696 F.2d 186, 190 n.3 (2d Cir. 1982). This "fair warning" can be accomplished by citation by

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye, 696 F.2d at 194.

Here, with respect to his claim that the trial court erred in allowing testimonial evidence of Poquee's prior bad acts,[3] Poquee failed to give the Appellate Division the required "fair warning" in any of the ways provided in Daye, 696 F.2d at 194. Further, claims of Molineux violations[4] are solely state law issues and do not raise federal constitutional claims for purposes of a habeas corpus petition. Hirsch v. Plescia, No. Civ. 03-1617, 2005 WL 2038587, at *7 (E.D.N.Y. Aug. 23, 2005) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding claims that evidence was improperly admitted under California law should not be reviewed on federal habeas corpus petition)); see also Wainwright v. Sykes, 433 U.S. 72, 83 (1977) (holding that state decisions dealing with state substantive law may not be reviewed by federal courts).

Nevertheless, if Poquee can show cause for failing to bring his federal constitutional

---

[3] Specifically, Poquee objects to the admission of evidence of his past incidents of violence against the victim in this case. Pet. Brief and Appendix at 5.

[4] People v. Molineux, 168 N.Y. 264 (1901) (establishing the rule in state court proceedings for the admissibility of uncharged crimes).

5

claims before the state court and that actual prejudice resulted from that failure, the federal court may hear his claim. Coleman v. Thompson, 501 U.S. 722, 748 (1991); Teague v. Lane, 489 U.S. 288, 298 (1989). Here, Poquee has failed to make a showing of either cause or prejudice and, thus, his claim is procedurally barred.

Even if Poquee's claim was not procedurally barred, however, he would not be entitled to relief here since the Appellate Division reviewed and rejected Poquee's claim and there is no indication that this decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Morales v. Artuz, 281 F.3d 55, 58 (2d Cir. 2002). The Supreme Court has declined to take a position as to whether admission of prior bad acts, even if probative only of the defendant's propensity to commit a crime, violates due process. Estelle, 506 U.S. at 75. In the absence of any clearly established law by the Supreme Court, Poquee may not rely on § 2254(d)(1) to save his procedurally barred claim.

Therefore, the petition on this ground should be denied for both reasons.

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: January 12, 2007
        Albany, New York

_David R. Homer_
United States Magistrate Judge